*Fordice*, 515 U.S. 39, 41, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995).

Here, the district court did not abuse its discretion by denying Rahim's petition for writ of error *coram nobis*. Because Rahim is still in federal custody serving consecutive sentences, *coram nobis* relief is unavailable to him. Accordingly, we affirm.

**AFFIRMED.**

**Asha K. SPAULDING, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16-11641**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(January 30, 2018)

Asha K. Spaulding, Pro Se

James C. Stuchell, R. Brian Tanner, Edward J. Tarver, U.S. Attorney's Office, Savannah, GA, for Respondent-Appellee

Before WILSON, WILLIAM PRYOR and MARTIN, Circuit Judges.

**PER CURIAM:**

Asha Spaulding appeals *pro se* the *sua sponte* denial of her motion to vacate. *See* 28 U.S.C. § 2255. The district court denied Spaulding's motion based on her written plea agreement to waive her right to collaterally attack her convictions and sentence in a postconviction proceeding. The Supreme Court instructed in *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), that "a court must accord the parties fair notice and an opportunity to present their positions" before disposing of a case on a ground not raised in their filings, *id.* at 210, 126 S.Ct. 1675. Because the district court denied Spaulding's postconviction motion without giving her an opportunity to respond to the effect of her waiver, we vacate and remand for the district court to proceed in accordance with the Rules Governing Section 2255 Proceedings.

**VACATED AND REMANDED.**